UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No.:

GENA BARTHEL,

    Plaintiff,

v.

V CRUISES US LLC, d/b/a
VIRGIN VOYAGES,

    Defendant(s).
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

The Plaintiff, GENA BARTHEL, by and through undersigned counsel, hereby sues the Defendant, V CRUISES US LLC., d/b/a VIRGIN VOYAGES (hereinafter "VIRGIN") and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest, costs and attorney's fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1333. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum-selection clause contained within the Passenger Ticket Contract issued by the Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. The Plaintiff, GENA BARTHEL, is *sui juris* and is a citizen and resident of Broward County, Florida.

4. Defendant, VIRGIN, is a Florida Corporation, does business in the State of Florida, with its principal place of business in Plantation, Florida.

5. The Defendant, at all times material hereto, personally or through an agent:

1

      a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

      b. Was engaged in substantial activity within this state;

      c. Operated vessels in the waters of this state;

      d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

      e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state, and/or;

      f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Scarlet Lady*.

6. Defendant is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Scarlet Lady*.

10. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Scarlet Lady*.

11. On or about November 13, 2021, GENA BARTHEL was a fare-paying passenger aboard the *Scarlett Lady*.

12. On or about the date above, GENA BARTHEL was in her stateroom when upon entering the bathroom, she tripped and fell on the raised, unmarked threshold.

13. As a result of this incident, GENA BARTHEL sustained a serious injury, requiring surgery.

14. <u>NOTICE</u>: VIRGIN knew or should have known that the subject threshold was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on substantially similar thresholds onboard the *Scarlet Lady* and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation*, 272 F. Supp. 3d 1336 (S.D. Fla. 2017)(J. Scola). Moreover, upon information and belief VIRGIN has received prior passenger

complaints/comments about the unreasonably dangerous nature of the threshold and lack of warnings of the step up across its fleet. In addition, upon information and belief, VIRGIN knew or should have known that the threshold inside the stateroom was unreasonably dangerous as a result of its participation, design and construction of the *Scarlet Lady* and approval of any altered design. *See Groves v. Royal Caribbean Cruises, Ltd.*, 463 App'x 837 (11th Circ. 2012). Moreover, VIRGIN knew or should have known of the unreasonably dangerous condition of its threshold because the design and operation methods used by VIRGIN for these interior floorings deviated from accepted industry safety practices. *See Holderbaum v. Carnival*, 87 F. Supp. 3d 1345 (S.D. Fla. 2015)(J. Lenard).

## COUNT I
## FAILURE TO WARN

The Plaintiff hereby adopts and realleges each and every allegation in Paragraphs one (1) though fourteen (14) above.

15.     DUTIES OWED: At all times material hereto, VIRGIN had the duty to use reasonable care under the circumstances, and to maintain and operate is vessel, the *Scarlet Lady* in a reasonably safe condition and manner. *See Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). Cruise lines owe their passengers a duty to warn of known or foreseeable dangers which are not open and obvious. *See Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332)(S.D. Fla. 2016)(J. Ungaro) *citing Witower v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1146 (S.D. Fla. 2016).

16.     NOTICE: VIRGIN knew or should have known that the threshold was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on that onboard the *Scarlet Lady* and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation*, 272 F. Supp. 3d 1336 (S.D. Fla. 2017)(J. Scola). Moreover, upon information and belief VIRGIN has received passenger complaints/comments about the unreasonably dangerous nature of the stateroom restroom threshold in its fleet. In addition, upon information and belief, VIRGIN knew or should have known that the interior stateroom threshold on *Scarlet Lady* was unreasonably dangerous as a result of its participation, design and construction of the *Scarlet Lady* and approval of any altered design. *See Groves v. Royal Caribbean Cruises, Ltd.*, 463 App'x 837 (11th Circ. 2012). Moreover, VIRGIN knew or should

have known of the unreasonably dangerous condition of its stateroom threshold because the design and operation methods used by VIRGIN for these interior thresholds deviated from accepted industry safety practices. *See Holderbaum v. Carnival*, 87 F. Supp. 3d 1345 (S.D. Fla. 2015)(J. Lenard).

17. VIRGIN is liable for the negligent acts and omissions of its employees, agents and/or independent contractors committed during the course and scope of their employment with VIRGIN including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the interior threshold and step up.

18. VIRGIN breached the aforementioned duties of care owed to GENA BARTHEL by failing to warn passengers, that there is a significant step up into the restroom in the stateroom and failed to label, demarcate or use differing color contrast to notify passengers of the dangerous condition it created.

19. As a direct and proximate result of the aforementioned negligence of VIRGIN, Plaintiff, GENA BARTHEL, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses are permanent in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and future including, pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT DESIGN, CONSTRUCTION, AND/OR APPROVAL
## OF THE SUBJECT THRESHOLD

The Plaintiff hereby adopts and realleges each and every allegation in Paragraphs one (1) though fourteen (14) above.

20. <u>DUTIES OWED</u>: At all times material hereto, VIRGIN had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Scarlet Lady*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). The cruise line had the duty to use reasonable care in designing, constructing, and approving the areas of the vessel which the cruise line participated in either designing, construction, or approving. *Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx 837 (11th Cir. 2012).

21. <u>NOTICE</u>: VIRGIN knew or should have known that the threshold was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on that onboard the *Scarlet Lady* and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation*, 272 F. Supp. 3d 1336 (S.D. Fla. 2017)(J. Scola). Moreover, upon information and belief VIRGIN has received passenger complaints/comments about the unreasonably dangerous nature of the stateroom restroom threshold in its fleet. In addition, upon information and belief, VIRGIN knew or should have known that the interior stateroom threshold on *Scarlet Lady* was unreasonably dangerous as a result of its participation, design and construction of the *Scarlet Lady* and approval of any altered design. *See Groves v. Royal Caribbean Cruises, Ltd.*, 463 App'x 837 (11th Circ. 2012). Moreover, VIRGIN knew or should have known of the unreasonably dangerous condition of its stateroom threshold because the design and operation methods used by VIRGIN for these interior thresholds deviated from accepted industry safety practices. *See Holderbaum v. Carnival*, 87 F. Supp. 3d 1345 (S.D. Fla. 2015)(J. Lenard).

22. VIRGIN is liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with VIRGIN including their failure to reasonably design, construct, and inappropriate approval of the unreasonably dangerous nature of the unmarked, unresoanbly high threshold.

23. VIRGIN breached the aforementioned duties of care owed to GENA BARTHEL by constructing, designing, and approving the use the subject threshold despite the fact that it is not reasonably demarcated and contrasted to the rest of the stateroom flooring.

24. As a direct and proximate result of the aforementioned negligence of VIRGIN, Plaintiff, GENA BARTHEL, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**LAW OFFICES OF BRANDON L. CHASE, P.A.**
2800 Ponce de Leon Blvd., Suite 1100
Coral Gables, Florida 33134
Telephone:   (305) 677-2228
Facsimile:    (305) 677-3232

By: _____*/s/ Brandon L. Chase*_____
  Brandon L. Chase, Esq., Florida Bar No. 90961
  Primary E-mail:    brandon@chasejustice.com
  Secondary E-mail: eservice@chasejustice.com